# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Case No. 19-cr-141 (PJS/SER) |
| Plaintiff, | |
| v. | **ORDER** |
| Cornett Golden, | |
| Defendant. | |

Alexander D. Chiquoine, Assistant United States Attorney, United States Attorney's Office, 300 South Fourth Street, Suite 600, Minneapolis MN 55415 (for the Government); and

Aaron J. Morrison, Wold Morrison Law, 331 Second Avenue South, Suite 705, Minneapolis MN 55401, and Kristin K. Zinmaster, Jones Day, 90 South Seventh Street, Suite 4950, Minneapolis MN 55402 (for Defendant).

This matter is before the Court, United States Magistrate Judge Steven E. Rau, on the parties' non-dispositive pretrial motions. Based upon the record, motions and memoranda, and the arguments of counsel at the hearing and in their respective filings, **IT IS HEREBY ORDERED** as follows:

1. The Government's Motion for Discovery Pursuant to Federal Rules of Criminal Procedure 16(b), 12.1, 12.2, 12.3, and 26.2 (ECF No. 16) is **GRANTED** as follows: The Government seeks discovery pursuant to the Federal Rules and Defendant does not object. Therefore, the Government's motion is granted: Defendant shall comply with its discovery obligations under the Federal Rules of Criminal Procedure.

2. Defendant's Motion for Disclosure of 404(b) Evidence (ECF No. 19) is **GRANTED in part** and **DENIED in part**. To the extent Defendant seeks

1

disclosure of information that is within the scope of Rule 404(b), the motion is **GRANTED**. The motion is **DENIED** in all other respects.

3. Defendant's Motion to Compel Attorney Government to Immediately Disclose *Brady* and *Giglio* Evidence (ECF No. 20) is **GRANTED in part** and **DENIED in part**. The Government represents it is aware of its obligations under *Brady v. Maryland*, 373 U.S. 83 (1963), *Giglio v. United States*, 405 U.S. 150 (1972), and their progeny, and that it has and will continue to comply with those obligations. (Gov't Resp., at 3, ECF No. 26). To the extent Defendant seeks disclosure of evidence favorable to Defendant pursuant to *Brady*, *Giglio*, their progeny, and the Federal Rules of Criminal Procedure, the Motion is **GRANTED**. To the extent Defendant seeks disclosure of evidence outside the scope of *Brady*, *Giglio*, their progeny, and the Federal Rules of Criminal Procedure, the Motion is **DENIED**.

4. Defendant's Motion for Government Agents to Retain Rough Notes (ECF No. 21) is **GRANTED** as follows: Defendant seeks an order directing any law enforcement agent, including any confidential reliable informant, involved in this case to "retain and preserve" all rough notes pertaining to the investigation of this matter. The Government does not object to the motion to the extent it seeks retention and preservation of rough notes related to the investigation of this matter. (Gov't Resp., at 3, ECF No. 26). Therefore, the Government shall direct its agents involved in this case, including any confidential informants, to retain and preserve any rough notes pertaining to this case and to preserve any evidence seized.

5. Defendant's Motion for Discovery Pursuant to Federal Rules of Criminal Procedure 16 (ECF No. 22) is **GRANTED** as follows: Defendant seeks an order directing the disclosure of various materials pursuant to Federal Rule of Criminal Procedure 16. The Government does not object to the motion to the extent it seeks discovery pursuant to Rule 16. (Gov't Resp., at 4, ECF No. 26). The Government requests the Court to order certain deadlines for expert disclosures; the Court notes that deadlines for expert disclosures are noted in Defendant's Arraignment Order, (ECF No. 18), and thus does not rule on this request. Defendant's motion is granted; the Government shall comply with its obligations under the Federal Rules of Criminal Procedure.

Dated: July XX, 2018

*s/*
Steven E. Rau
United States Magistrate Judge
District of Minnesota