UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 19-CR-0141(1) (PJS/ECW) |
| Plaintiff, | |
| v. | ORDER |
| CORNETT GOLDEN, | |
| Defendant. | |

Defendant Cornett Golden is charged with two counts of bank robbery in violation of 18 U.S.C. § 2113(a).  Trial in this matter was scheduled to begin on November 19, 2019.

On November 8, at Golden's direction, Golden's appointed counsel moved to withdraw.  On November 12, the Court held a hearing on the motion during which Golden detailed his complaints and submitted a letter complaining about his counsel. *See* ECF No. 63.  The Court denied the motion, finding that Golden had failed to show "justifiable dissatisfaction" with his counsel.  *See United States v. Exson*, 328 F.3d 456, 460 (8th Cir. 2003).

Two days later—that is, on the afternoon before the final pretrial conference—Golden's counsel (again acting at Golden's direction) moved to continue the trial.  The Court informed the parties that it would address the motion at the pretrial conference.  The next day, at the pretrial conference, Golden surprised the Court with another letter

in which he made additional accusations against his counsel. *See* ECF No. 67. The Court conducted another colloquy with Golden and continued the trial to consider how to proceed.

Having conducted two extended colloquies with Golden and having considered his letters, the Court concludes that "there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." 18 U.S.C. § 4241(a). During the two recent hearings, Golden appeared to have trouble following the conversation and understanding the Court's explanations. His recent behavior also indicates an inability to think logically; in particular, he has made decisions about his own defense that a reasonable defendant in his position would not make. Finally, Golden has given the Court reason to doubt that he is fully connected to reality, including by persisting in accusations that the Federal Defender has conspired with his appointed counsel to harm him in some unidentified way in retaliation for some decades-long grudge, and by making last-minute accusations that his appointed counsel engaged in extremely serious misconduct—allegations that are difficult to believe.[1]

---

[1]This is not to say that the Court is dismissing Golden's complaints about his
(continued...)

Before inquiring further into Golden's accusations or proceeding further in the underlying case, the Court concludes that it is necessary to inquire into Golden's competency to stand trial and to assist in the proceedings in which he is involved. Accordingly, IT IS HEREBY ORDERED THAT:

1. Pursuant to its authority under 18 U.S.C. § 4241(a), the Court orders that defendant Cornett Golden undergo a competency evaluation.

2. Defendant shall be committed to the custody of the Attorney General for placement in a suitable Federal Medical Center to be examined for competency for a period not to exceed 30 days, with leave for the director of that Federal Medical Center to apply for a reasonable extension of time not to exceed 15 days pursuant to 18 U.S.C. § 4247(b).

3. The United States Marshal's Service shall transport defendant to that Federal Medical Center as soon as is practicable.

4. The Federal Medical Center shall conduct a psychiatric and neuropsychological examination of defendant to determine his competency within the meaning of 18 U.S.C. § 4241.

---

[1](...continued)
counsel without any further inquiry. But the Court believes that the best course of action is to first ensure that Golden is competent to participate in further proceedings.

5. The Federal Medical Center shall file a psychiatric and neuropsychological report with this Court, with copies provided to the Assistant United States Attorney and to defense counsel, pursuant to 18 U.S.C. § 4247(c).

6. A hearing pursuant to the provisions of 18 U.S.C. § 4241(c) and § 4247(d) will be scheduled by the Court upon completion of the evaluation and report.

Dated: November 15, 2019

s/Patrick J. Schiltz
Patrick J. Schiltz
United States District Judge